IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

9GLOBAL, INC.,

    Plaintiff,

  v.

AVANT CREDIT CORPORATION,

    Defendant.

No. C 15-00898 WHA

**ORDER DENYING MOTION FOR LEAVE TO AMEND COMPLAINT AND GRANTING STIPULATION TO RELATE SUBSEQUENTLY-FILED CASE**

## INTRODUCTION

In this contract dispute, plaintiff moves for leave to amend its complaint to add a new claim for breach of contract. For the reasons stated herein, plaintiff's motion is **DENIED**. The parties' stipulation to relate a subsequently-filed case is **GRANTED**.

## STATEMENT

The following well-pled facts are assumed to be true for purposes of the present motion. Plaintiff 9Global, Inc., is a personal-loan leads generator. In December 2012, 9Global entered into a contract with Avant Credit Corporation, a credit facility that provided and serviced personal loans. 9Global provided leads to Avant, and if Avant followed the lead, the parties shared the profits. Avant used both its own and third-party money to fund the loans. When Avant used third-party funds, it deducted the interest rate paid to third parties (cost of capital)

1  before dividing the profits with 9Global.  Under this agreement, Avant did not subtract any cost
2  of capital when it funded loans using exclusively its own money (Compl. ¶¶ 1, 2, 6, 8).

3        In January 2014, the parties entered into "a more-detailed version of the [2012] Lead
4  Provider Agreement" (*id*. ¶ 7).  This contract was fully integrated and superseded all "other
5  agreements, understandings, representations or warranties."  The contract defined cost of capital
6  as "the cost of capital at current negotiated interest of 16% APR (subject to change based on
7  future changes to credit facility)."  When calculating the net lead revenue, the parties subtracted
8  the cost of capital and default amounts from the interest revenue plus the collected default
9  amounts (Compl., Exh. 2 at 4, 7).  From January through June 2014, Avant continued to deduct
10 the cost of capital only when it used third-party funds, not its own (Compl. ¶ 8).

11       In June 2014, however, Avant unilaterally began deducting the cost of capital when
12 loaning from its own funds.  This reduced the overall revenue 9Global received per loan.
13 9Global did not object to this change because Avant assured that it would be temporary.  Avant
14 employees orally reassured 9Global of Avant's desire for a long-term relationship, provided
15 9Global with long-term projections of profitability, and promised that the future cost-of-capital
16 percentage rate would decrease beginning in November 2014 (*id.* ¶¶ 9–11).

17       In November 2014, however, the rate remained at sixteen percent.  9Global objected.
18 Avant refused to lower the rate as promised, and 9Global subsequently withdrew from the
19 contract (*id*. ¶¶ 13, 17).  9Global claims that Avant breached the contract in June 2014 by
20 deducting the cost of capital from the net lead revenue when Avant used its own funds.

21       9Global filed its original complaint in February 2015.  It filed an amended complaint in
22 August 2015, alleging a single claim for breach of contract.  The case management order set
23 August 31, 2015, as the last date to move for leave to amend the pleadings.  In November 2015,
24 an order granted in part the parties' stipulation to push back the discovery cutoff and the trial
25 date, granting a ten-week extension for each and setting the discovery cutoff for July 8, 2016,
26 and trial for October 31, 2016.  That order, however, stated that "[n]o more extensions will be
27 granted" (Dkt. No. 51).

28

Now, 9Global moves for leave to amend its complaint to add a new claim for breach of contract. Essentially, 9Global alleges that during a mediation, it learned that Avant planned to further breach the contract by "not pay[ing] 9Global its profits relating to loans and reloans of existing customers" (Mot. at 1). 9Global also seeks to "modify the scheduling order to accommodate its filing," but does not provide any specific proposed changes to the scheduling order (Mot. at 1).

Concurrent with the filing of this motion, 9Global filed a new action against Avant alleging the same breach of contract alleged in its proposed amended complaint (*9Global Inc. v. Avant Credit Corporation*, 15-CV-5543-JD). The day before the hearing on the instant motion, the parties filed a stipulation to relate the newly filed complaint to the undersigned judge. This order follows full briefing and oral argument.

**ANALYSIS**

Under Rule 16(b), a plaintiff moving to amend a pleading after the date established by a pretrial scheduling order must show good cause for the delay. "[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Acri v. Int'l Ass'n of Machinists and Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Here, 9Global has failed to show good cause for its delay in seeking to amend the complaint. 9Global only offers one relevant sentence of sworn testimony in support of its motion, in which counsel stated: "After the First Amended Complaint was filed, on or around August 31, 2015, Defendant announced that it would stop paying 9Global for the loans and reloans of existing customers" (Ardalan Decl. at 1). This sworn record is insufficient to demonstrate good cause. 9Global has provided no details regarding when exactly it learned of this new information, how it learned of it, or why it did not learn of it sooner. Moreover, 9Global told the Court in October that it imminently planned to amend its complaint and/or file

3

a new action. Yet, it waited until December to file the instant motion. We are simply too far into the case to allow this type of amendment on such a thin sworn record.

9Global's motion relies heavily on Rule 15's heavy presumption in favor of allowing amendment. That presumption, however, does not apply when the party seeking to amend does so after the date set by the scheduling order. As stated above, 9Global must show good cause and demonstrate diligence. It has failed to do so.

## CONCLUSION

For the reasons stated herein, 9Global's motion for leave to amend its complaint is **DENIED**. Pursuant to the parties' stipulation (Dkt. No. 59), the recently-filed case (*9Global Inc. v. Avant Credit Corporation*, 15-CV-5543-JD) shall be **RELATED** to the undersigned judge.

**IT IS SO ORDERED.**

Dated: January 26, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE